UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GALEN ALSOP, et al.,

    Plaintiffs,

v.                                          CASE NO. 8:20-cv-1052-T-23SPF

THE HONORABLE
RONALD DESANTIS,

    Defendant.
_____/

**ORDER**

In an unverified "emergency" complaint, the plaintiffs, owners of vacation rental homes, claim that Executive Orders 20-112 and 20-87, issued by the Governor of Florida, unconstitutionally suspend the rental of vacation homes during a declared state of emergency but exempt hotels, motels, inns, and resorts. The complaint demands "a TRO [Temporary Restraining Order] and subsequent Temporary Injunction . . . enjoining the enforcement of Executive Orders 20-112 and 20-87 . . . pending the Court's determination of the merits of an application for a Permanent Injunction."

The complaint betrays a lack of familiarity with both the Federal Rules of Civil Procedure and the Local Rules. In a federal court, a temporary restraining

order is an extraordinary device that enjoins conduct without affording the enjoined party an opportunity for notice or a hearing.

First, under Rule 65(b)(1), Federal Rules of Civil Procedure, a temporary restraining order may issue only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The complaint is unverified, and the plaintiffs submit no affidavit. Further, the complaint contains no certification by counsel about the "efforts made to give notice and the reason why it should not be required." This omission is easily understood because Governor DeSantis and his representatives are well-known, easily available, and undoubtedly ready, willing, and able to respond immediately after notice.

Second, under Local Rule 4.05, a request for a temporary restraining order must, among other things, (1) appear in a separate motion, (2) show a threatened injury "so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible," (3) "set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted" under Rule 65(c), (4) contain "a proposed form of a temporary restraining

- 2 -

order prepared in strict accordance" with Rule 65, and (5) contain a supporting legal memorandum.

The plaintiffs neither request a temporary restraining order by separate motion nor show the impracticability (or impossibility) of notifying Governor DeSantis (or his representatives) nor allege facts permitting a reasonable determination about the amount of security nor propose a form of temporary restraining order nor submit a supporting legal memorandum.  The complaint's request (Doc. 1) for a temporary restraining order is **DENIED**.  Any request for preliminary injunctive relief must appear by motion and strictly comply with both the Federal Rules of Civil Procedure and the Local Rules.

ORDERED in Tampa, Florida, on May 8, 2020.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE