UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GALEN ALSOP, et al.,

    Plaintiffs,

v.        CASE NO. 8:20-cv-1052-T-23SPF

THE HONORABLE
RONALD DESANTIS,

    Defendant.
_____/

**ORDER**

The plaintiffs, owners of vacation rental homes, claim (Doc. 1) that Executive Orders 20-112 and 20-87, issued by the Governor of Florida, unconstitutionally suspend the rental of vacation homes during a declared state of emergency but exempt hotels, motels, inns, and resorts.  The plaintiffs move (Doc. 6) for a "temporary injunction/restraining order" immediately enjoining the enforcement of the Executive Orders against the owners of vacation rentals.

An order (Doc. 5) entered earlier today explains that under Rule 65(b), Federal Rules of Civil Procedure, and Local Rule 4.05 a temporary restraining order issues only if the movant establishes an injury "so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible."  Although the plaintiffs report that the Office of the Attorney General is

closed to the public during the declared state of emergency, that is not to say that the Governor's lawyers are unavailable to respond to the motion and appear at a hearing.  As the order issued earlier today explains, "Governor DeSantis and his representatives are well-known, easily available, and undoubtedly ready, willing, and able to respond immediately after notice."  Plainly and unmistakably stated:  in this action, no order will resolve a request for injunctive relief until Governor DeSantis is afforded (1) notice, (2) an opportunity to respond, and (3) an opportunity for a hearing.

The motion (Doc. 6) for a temporary restraining order is **DENIED WITH PREJUDICE**.  At this time, the only legal mechanism that remains available for preliminary relief is a motion for a preliminary injunction under Rule 65(a), Federal Rules of Civil Procedure.

ORDERED in Tampa, Florida, on May 8, 2020.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE